# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JERRY NEWMAKER, et al.,

    Plaintiffs,

v.

CITY OF FORTUNA, et al.,

    Defendants.

Case No. 12-cv-04675-PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I. <u>MOTIONS IN LIMINE</u>

    A.    Plaintiffs' Motion in Limine No. 1

Plaintiffs' first motion in limine to exclude evidence that the City of Fortuna, or any other entity, reviewed Soeth's use of force and found that Soeth acted justly, reasonably, or within policy is GRANTED. Defendants concede that the conclusions of any investigations are inadmissible hearsay, although the court cautions plaintiffs that exploring the facts of an investigation with a witness they plan to call, Michael Hislop, may open the door to defendants also eliciting testimony about the nature of his investigation. The court will make that determination, if necessary, following a properly raised objection during trial.

    B.    Plaintiffs' Motion in Limine No. 2

Plaintiffs' second motion in limine addresses a number of distinct issues. The motion in limine is DENIED to the extent it seeks to exclude Jacob Newmaker's

("Newmaker") toxicology results from the time of the incident, as those results are relevant due to the parties' disputed accounts of Newmaker's behavior immediately preceding Soeth's use of lethal force.

The court DENIES plaintiffs' motion in limine to the extent plaintiffs seek to exclude evidence of Newmaker's other criminal, drug, and incarceration history. Defendants represented at the pretrial conference—although not in their opposition papers—that Soeth in fact saw and actually reviewed a report detailing Newmaker's criminal history a few hours before using lethal force. Defendants provided the court a document they represent reflects the information Soeth saw and reviewed that night. The court makes this determination upon consideration of defendants' representations, given Newmaker's criminal history that Soeth actually reviewed just hours prior to using lethal force contains criminal offenses that would have put Soeth on notice that Newmaker might be violent or under the influence of drugs when confronted by police. Whether the entries on the "rap sheet" represent arrests or convictions is difficult to ascertain and will be discussed at trial outside the jury's presence, as well as the admissibility of the document.

With respect to plaintiffs' motion to exclude evidence of Ellebrecht's knowledge of Newmaker's criminal history, the court RESERVES JUDGMENT. Defendants represented at the pretrial conference that some authority exists holding, in another circuit, that officers' collective knowledge is admissible in analogous civil cases. The court welcomes defendants' briefing on that specific issue, if helpful, to be filed no later than January 29, 2018, two weeks prior to trial, and not to exceed 5 pages. Plaintiffs may file a response, if helpful, within 2 days after being served with defendants' brief. Absent briefing on the issue, the motion will be GRANTED, as Ellebrecht is not a defendant in the case, and his knowledge is not relevant to the jury's determinations with respect to Soeth's conduct.

With respect to plaintiffs' motion to exclude evidence of Newmaker's father's and mother's criminal histories, the motion is GRANTED as unfairly prejudicial with the exception that such information may be admissible for impeachment purposes to the

extent permitted by Fed. R. Evid. 609.

With respect to plaintiffs' motion to exclude statements made by Dorothy Newmaker and Susan Olesen following Newmaker's death regarding a restraining order issued against Newmaker, the motion is GRANTED as unfairly prejudicial. With respect to Dorothy Newmaker and Susan Olesen's statements regarding Newmaker's violent acts and use of certain weapons at home on the night of the incident, the motion is GRANTED as unfairly prejudicial with the exception that such testimony will be permitted, subject to properly raised objection at trial, if the proffering witness testifies at trial and plaintiffs at any time suggest that it was inappropriate for Soeth to refuse to provide Newmaker a ride home in his vehicle on the night of the incident. Defendants argued at the pretrial conference that such evidence could be proper to corroborate Soeth's testimony about Newmaker's behavior prior to the incident. The court finds that such evidence would be unfairly prejudicial, but that the probative value would outweigh the unfair prejudice if plaintiffs suggested that Soeth improperly refused Newmaker a ride home, and the evidence tended to corroborate Soeth's testimony explaining why he did not give Newmaker a ride home.

With respect to plaintiffs' motion to bifurcate any damages determination from the jury's liability determinations at trial, plaintiffs withdrew the motion at the pretrial conference. Accordingly, the motion is DENIED as moot. The determination of the amount of punitive damages, if any, will be bifurcated from the remainder of the issues at trial.

C. Plaintiffs' Motion in Limine No. 3

Plaintiffs' third motion in limine to exclude certain opinions of defendants' expert Schott was in reality an untimely Daubert motion. However, the court has considered the motion on its merits and it is DENIED for that additional reason. The motion is not a challenge to Schott's qualifications and experience under Daubert, but rather addresses the probative value of Schott's opinions. The court will permit the jury to evaluate what weight to assign Schott's testimony after he presents his opinion and is subject to cross-

3

examination.

### D. Defendants' Motion in Limine No. 1

Defendants' first motion in limine to exclude reference to the City of Fortuna indemnifying Soeth for any judgment rendered against him is GRANTED as unopposed.

### E. Defendants' Motion in Limine No. 2

Defendants' second motion in limine to exclude testimony or argument suggesting that Newmaker's detention or custodial arrest was unreasonable or improper is GRANTED. Neither party's experts may opine on the lawfulness or reasonableness of Newmaker's detention or arrest. The court will instruct the jury that the initial police contact was lawful. The parties are instructed to meet and confer and propose a joint instruction to that effect by February 5, 2018, one week prior to trial, including a proposal for when the instruction should be read to the jury.

### F. Defendants' Motion in Limine No. 3

Defendants' third motion in limine to exclude expert testimony suggesting the City of Fortuna deficiently trained Soeth or Ellebrecht or that the City of Fortuna's policies or customs were the moving force with respect to the use of force is GRANTED as unopposed, as plaintiffs' Monell claims have been dismissed.

### G. Defendants' Motion in Limine No. 4

Defendants' fourth motion in limine to exclude testimony or argument that the use of deadly force was unreasonable because no warning was issued is DENIED. The Ninth Circuit's Model Civil Jury Instruction 9.25 directs the jury to consider whether it was practical for the officer to give a warning before the imminent use of force, and whether such warning was given. That instruction will be provided to the jury. Evidence regarding any warning, if there was one, is relevant.

### H. Defendants' Motion in Limine No. 5

Defendants' fifth motion in limine addresses a number of issues. With respect to defendants' motion to exclude plaintiffs' expert's enhanced dash cam video, the motion is GRANTED as unopposed.

4

With respect to defendants' motion to exclude expert opinions based on their review of plaintiffs' expert's enhanced dash cam video, the motion is GRANTED with respect to opinions based on the enhanced dash cam video but DENIED with respect to opinions based on other evidence.

With respect to defendants' motion to exclude opinions based on the original, unenhanced dash cam video, the motion is DENIED. The court notes however that defendants' expert Schott is the only expert in the case qualified to render an opinion about video compression technology.

I.  Defendants' Motion in Limine No. 6

Defendants' sixth motion in limine to exclude testimony suggesting the pre-shooting use of force was unreasonable is DENIED in part. The reasonableness of Soeth's pre-shooting force is at issue with respect to plaintiffs' excessive force claim, and the jury can properly consider Soeth's tactical conduct and decisions before using deadly force when deciding plaintiffs' negligence claim. However, neither party nor their experts may argue that Soeth's use of force was unreasonable because an officer provoked the confrontation. See Cty. of Los Angeles, Calif. v. Mendez, 137 S. Ct. 1539 (2017).

J.  Defendants' Motion in Limine No. 7

Defendants' seventh motion in limine to exclude testimony that there was no DNA or fingerprint evidence recovered from the baton is GRANTED, unless plaintiffs produce evidence establishing a foundation that tests seeking DNA or fingerprint evidence were conducted. The fact that such evidence was not recovered when there was no attempt to recover it would be confusing, misleading, and a waste of time under Fed. R. Evid. 403.

K.  Defendants' Motion in Limine No. 8

Defendants' eighth motion in limine to exclude all evidence of alternatives to deadly force available to Soeth and any testimony that Soeth was required to use the least intrusive alternative to deadly force is DENIED. The jury may properly consider the availability of alternative methods available to Soeth. However, testimony that Soeth was legally required to use the least intrusive alternative will not be permitted, as it is an

1  improper and inaccurate statement of the law.

    L.  Defendants' Motion in Limine No. 9

Defendants' ninth motion in limine to exclude any reference to Newmaker's request for a ride to his mother's house from Soeth is DENIED. The interactions between Newmaker and Soeth on the night of the incident, including the interactions prior to the use of lethal force, are relevant to the reasonableness of Soeth's actions.

II.  JURY INSTRUCTIONS

   a.  Joint Instructions

At the pretrial conference, the court indicated its inclination on the record to accept the parties' jointly submitted jury instructions, but will rule definitively on these instructions at the charge conference before the conclusion of the trial. This joint set of instructions, subject to alteration at the charge conference, will be used in addition to the standard pattern instructions routinely used by the court.

   b.  Plaintiffs' Separate Instructions

Plaintiffs' proposed instruction No. 1 and defendants' proposed instruction No. 1 are competing versions of Ninth Circuit Model Civil Jury Instruction No. 1.5. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

The court rejects plaintiffs' proposed instruction No. 2. Plaintiffs are instructed to revise this instruction, and in so doing include the stipulated facts listed in the parties' joint pretrial statement, Dkt. 113. The parties both requested the court read the instruction as modified as a preliminary instruction, and the court GRANTS that request. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

Plaintiffs' proposed instruction No. 3 and defendants' proposed instruction No. 6 are competing versions of Ninth Circuit Model Civil Jury Instruction No. 9.25. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial, that includes instructions appropriate to address plaintiffs' claims

6

regarding nonlethal force. All optional factors listed in the model instruction that are relevant to this matter should be included in the instruction.

Plaintiffs' proposed instruction No. 4 and defendants' proposed instruction No. 10 are competing versions of CACI model instruction No. 1305. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial. The parties are advised to adhere to the CACI model instruction to the extent it is reasonable to do so, including reference to "harm" rather than "death."

The court rejects plaintiffs' proposed instruction No. 5 as drafted and directs plaintiffs to prepare a version that adheres more closely to the CACI model instruction, including with respect to plaintiffs' references to "conduct" and "death." The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial. The parties are also ordered to file an instruction based on CACI 430 by the same date.

The court rejects plaintiffs' proposed instruction No. 6 as drafted and directs plaintiffs to prepare a version that adheres more closely to the CACI model instruction, including with respect to plaintiffs' references to a police officer's standard of care rather than a person's standard of care. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

The court rejects plaintiffs' proposed instruction No. 7 as drafted and directs plaintiffs to file a version that adheres more closely to the CACI model instruction, including with respect to references to death, serious bodily injury, and Soeth's use of unreasonable force. To the extent plaintiffs contend lines 19–20 of their proposed instruction No. 7 correctly state the law when referring to "immediate threat of death or seriously bodily injury" in place of the CACI model language, the court directs plaintiffs to file a brief not exceeding 5 pages with the court addressing the issue no later than January 29, 2018, two weeks prior to trial; defendants may file a responsive pleading within 2 days after being served.

The court approves plaintiffs' proposed instruction No. 8.

Plaintiffs' proposed instruction No. 9 and defendants' proposed instruction No. 13 are competing versions of Ninth Circuit Model Civil Jury Instruction Nos. 5.1, 5.2, and CACI 3921. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

Plaintiffs' proposed instruction No. 10 is a modified version of Ninth Circuit Model Civil Jury Instruction No. 5.5. The parties are ordered to propose a joint version of this instruction that includes more, but not all, of that model instruction as relevant to this case no later than February 5, 2018, one week prior to trial.

The court approves defendants' proposed instruction No. 2.

The court rejects defendants' proposed instruction No. 3, as plaintiffs seek punitive damages only under federal law.

The court rejects defendants' proposed instructions Nos. 4 and 5, as they are duplicative of the parties' jointly filed proposed instructions Nos. 15 and 16.

The court rejects defendants' proposed instruction No. 7, as the court is not inclined to include selective quotations from case law in isolation as a stand-alone jury instruction, and because the content of the instruction is duplicative of plaintiffs' proposed instruction No. 3 and defendants' proposed instruction No. 6, which are competing versions of Ninth Circuit Model Civil Jury Instruction No. 9.25.

The court rejects defendants' proposed instructions No. 8 and 9, as the contents of the instructions are duplicative of plaintiffs' proposed instruction No. 4 and defendants' proposed instruction No. 10, which are competing versions of CACI 1305.

The court directs defendants to prepare a new version of their proposed instruction No. 11 that places the words "or other person" on lines 9–10 in brackets, as the court will determine whether to include that language as evidence is admitted at trial. The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

The court rejects defendants' proposed instruction No. 12 as drafted and directs defendants to prepare a new version conforming more closely to the CACI model

8

instruction, including the language on line 10 of defendants' proposed instruction referring to "the damages of plaintiffs." The parties are ordered to propose a joint version of this instruction no later than February 5, 2018, one week prior to trial.

The court approves defendants' proposed instruction No. 13, which is based on CACI model instruction No. 3921.

### III. VOIR DIRE

The court will conduct the voir dire. After the court's questioning, each side shall have fifteen minutes to question the panel, but may not use that time to argue their case.

The court will empanel eight jurors. Each side shall have three peremptory challenges.

### IV. VERDICT FORM

The parties are ordered to meet and confer and file a joint verdict form no later than February 5, 2018, one week prior to trial. In that jointly-proposed verdict form, the parties are directed to differentiate between damages for: deadly and non-deadly force; past and future harm; harm due to excessive force, negligence, and battery; and economic and non-economic harm (if economic harm is still being pursued).

### V. EXPERT TESTIMONY

As explained at the pretrial conference, the court will preclude both parties' experts from opining on the ultimate issues of whether Soeth's force was excessive or unreasonable, as those are essential legal and factual questions for the jury to answer in this case. The experts will be permitted to testify about, for example and as each is qualified to do so, whether certain conduct complies with POST guidelines and whether agency policies comply with POST guidelines.

### VI. TRIAL SCHEDULE AND TIME LIMITS

Excluding the first day of trial, there will be approximately 30 hours of trial time, which will be divided equally with each side allotted 15 hours for presentation of evidence, cross-examination, and closing arguments. Final jury instructions and deliberations are not included within this allotment.

## VII. FINAL COMMENTS

The court identified a number of ways in which both parties violated the pretrial order. Following the lengthy pretrial conference, the issues were resolved as follows:

1. Although plaintiffs' Daubert motion to exclude opinions of defendants' expert Schott was disguised as a motion in limine and filed not in accordance with the pretrial order, the court has additionally denied it on the merits.

2. Although defendants have not filed a trial brief in accordance with the pretrial order, the court has determined that none is necessary at this time.

3. Defendants' "Further Clarification of Defendants' Motion in Limine No. 5" is in reality an unauthorized reply or a new motion in limine. The court has, however, reviewed it and hereby denies it except insofar as to the limitations imposed on the experts as stated at the pretrial conference.

4. Although the parties did not file a joint set of voir dire questions as ordered, the court will fashion a questionnaire based on the separately posed questions submitted by counsel. (See attached.)

5. Plaintiffs failed to file a proposed verdict form in accordance with the pretrial order, but have herein been directed to meet and confer with defendants to prepare a joint verdict form that conforms with the court's rulings at the pretrial conference.

**IT IS SO ORDERED.**

Dated: January 24, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

**JUROR QUESTIONNAIRE**
**Jerry Newmaker, et al. v. City of Fortuna, et al.**
**C 12-4675 PJH**

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  If there is anything on this form that you do not want to talk about in open court, please write "Private" beside the question number.  Thank you for your cooperation.

1. Your name:_____

2. Your age:_____

3. The city where you live:_____

4. Your place of birth:_____

5. Do you rent or own your home? (circle one)  rent   own

6. Your marital status: (circle one)

    single   married   separated   divorced   widowed   live with partner

7. What is your occupation, and how long have you worked in it?  (If you are retired, please write "retired" and describe your main occupation when you were working.)

    _____

8. Who is (or was) your employer?

    _____

9. How long have you worked for this employer?_____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their age and gender and, if they are employed, please give their occupations.

    _____

12. Your educational background:

    Highest grade completed:_____

College and/or vocational schools you have attended:

_____

_____

Major areas of study:_____

13. Have you ever served on a jury before?

    ____Yes    ____No

    If yes, how many times in:

    State/County Court_____        Federal Court_____

    When?_____

    Was it a civil or criminal case _____

    Did the jury(ies) reach a verdict?_____

    Is there any reason that your prior jury service would affect your ability to be fair, objective, and impartial to both sides here?

    ____Yes    ____No

14. Have you, a family member or a close friend ever studied or worked in any forensic field or in crime scene investigations?

    ____Yes        ____No

15. Have you, a family member or a close friend ever been employed in law enforcement? If yes, please indicate who and their relationship to you and their employer and position.

    _____

    _____

16. Have you, a family member or a close friend had any contact or association with the City of Fortuna Police Department or any of its employees?

    ____Yes        ____No

17. Have you read, seen or heard any news report that involves the Fortuna Police Department or its officers?

    ____Yes        ____No

12

18. Have you, a family member or close friend ever been accused, arrested or convicted of any offense?

    ____Yes          ____No

19. Have you, a family member or close friend ever been the victim of a crime?

    ____Yes          ____No

20. Have you, a family member or close friend ever had a particularly negative or a particularly positive experience with the police?

    ____Negative    ____Positive

    Please explain: _____

    _____

21. Please indicate whether you could evaluate the testimony of law enforcement officers the **same** way that you evaluate the testimony of other witnesses; or whether you would evaluate the law enforcement officers' testimony as **more credible** than other witnesses simply because of their occupations; or as **less credible** than other witnesses simply because of their occupations.

    ____Same        ____More Credible       ____Less Credible

    If you answered wither More Credible or Less Credible, please explain: _____

    _____

    _____

22. Have you, a family member or close friend ever filed a complaint or lawsuit against a police officer or law enforcement agency?

    ____Yes          ____No

23. Have you ever sued someone or been sued by someone?

    ____Yes          ____No

    If yes, please explain: _____

    _____

24. Do you have any strong feelings about lawsuits or lawyers in general that may make it hard for you to decide this case fairly or impartially?

    ____Yes          ____No

25. Do you have any views about police officers that may make it hard for you to decide the case fairly and impartially?

   ____Yes     ____No

26. Could you render a verdict of money damages, against the police, if you found that the plaintiffs proved their case?

   ____Yes     ____No

27. Could you render a verdict of no money damages, in favor of the police, if you found that the plaintiffs did not prove their case?

   ____Yes     ____No

28. Have you attended a rally, demonstration or other type of gathering in opposition to the police treatment of citizens or in support of the police in general?

   ____In opposition     ____In support

29. Have you ever posted anything on social media in support of or in opposition to the police?

   ____In opposition     ____In support

30. Is there any other reason, not addressed above, that would make it difficult for you to be a fair and impartial juror in this case?

   ____Yes     ____No

   If yes, please explain:

   _____

   _____

   _____

## VERIFICATION

I,_____, declare under penalty of perjury
   PRINT FULL NAME
under the laws of the State of California and the United States of America, that the foregoing responses I have given on this juror questionnaire, and on any attached sheets, are true and correct to the best of my knowledge and belief.

_____          _____
   DATE                                   SIGNATURE

14